Fantozzi, Appellant, *v.* Schappert et al.

Argued April 13, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Charles M. Bowman,* with him *Nathan Hyman* and *Frank L. Pinola,* for appellant.

*Harold R. Wruble, M. H. Salsburg* and *Abram Salsburg,* for appellee (No. 353), were not heard.

*F. A. McGuigan* and *Paul Bedford,* for appellee (No. 354), were not heard.

PER CURIAM, May 17, 1937:

This was an action in trespass for deceit against a bank and its vice-president. Appellant states that he was solicited by the officer to loan $5,000 upon a mortgage to one Isaac Saba, representing that he would secure a first lien upon the latter's property which was represented to be worth $25,000. At the time, this property was encumbered by a first mortgage for $5,000, which the loan was intended to repay, and by a $6,000 judgment obtained by the bank as a second lien. He contends that the officer knew of the bank's judgment and had refused to lend Saba the money desired because he was indebted to the limit of the property's value. Appellant further insists that he was ignorant of financial transactions, and relied upon the superior knowledge of the officer, in whom he reposed great confidence

as a customer of the bank. The officer denies that any misrepresentations were made. Both he and the bank assert that the transaction in question was in no way connected with the officer's duties as vice-president and director of the institution, but that he was acting merely for himself in the capacity of mortgage broker. A compulsory nonsuit was granted as against the bank, and the case was submitted to the jury as to the deceit of the officer. All questions involved in the alleged fraudulent representation were presented to the jury in a charge which was fair and reasonable. At the conclusion of the charge the court asked counsel if there were any requests for additional instructions and none was offered affecting the questions at issue. Two appeals were taken—one from the refusal to take off the compulsory nonsuit against the bank, and the other for supposed trial errors of the court in the officer's case.

The first question involved in the appeal against the officer, is the exclusion of the testimony of a witness as to the value of the property. The court below did not commit error in so ruling as the witness did not have the knowledge necessary to qualify as an expert. The second assignment relates to the same objection and falls with the first.

The next objection urged is to this portion of the charge to the jury: "So that, from the testimony of Mr. Wideman you may, if you believe it, draw the inference—if you think one should be drawn—to the effect that Mr. Schappert knew that there was a judgment held by the South Side Bank & Trust Company." Appellant argues that this should have read, "You must draw the inference" instead of "you may draw the inference." This, and a similar objection, is neither basic nor fundamental and appellant had an opportunity to call the court's attention to it at the time the charge was delivered if he thought that it was important.

The basis of the action was misrepresentation of fact, made in such a reckless and careless manner as to

amount to fraud, with the intention that it should be relied upon, and actually relied upon to appellant's loss. The defendant did not base his defense on the truth or falsity of the representations. He denied making any such statements. Furthermore, there is no direct evidence that at the time of the transaction between appellant and Saba the officer had actual knowledge of the judgment. The only evidence on the subject is the fact that the minutes show that the Saba judgment note for $6,000 had been read at a meeting of the board of directors in 1926 at which the officer was present. He had no personal recollection of the incident. This was a large institution and the particular incident might not have occurred to him. He denied knowledge on cross-examination, and stated that those matters were left to the cashier, so that the court could not charge as appellant requested.

Both of these issues were for the determination of the jury, and their verdict negatived the existence of either, or both, of these essential elements of the alleged fraud. There is no error in the officer's case and the verdict of the jury concludes us.

We could not take off the nonsuit as to the bank. Whether or not the court originally was in error in granting the nonsuit, it is clear at this time that since the bank's liability was predicated upon the deceit charged to the officer, and as the jury found that he did no wrong, the entry of the nonsuit should not now be disturbed. Even had the officer been found guilty, it is clear the evidence was not sufficient to show that he was acting for the bank in the transaction.

It appears, furthermore, that appellant had opportunity to acquire a first lien on Saba's property by taking an assignment of the first mortgage, as he should have done. However, his attorney satisfied it, thus making the bank's second lien a first lien.

Judgment affirmed in Nos. 353 and 354.